853 F.2d 672
 Fed. Sec. L. Rep. P 93,950, RICO Bus.Disp.Guide 7000
 Pearl BAIR; Gus Balash; Joseph Barry; Linda M. Barry;
Barbara Carr; Debbie Carr; Evelyn L. Carr; Sheri Carr;
John S. Decristo; Elio Donato; Helen Donato; Cecelia D.
Hasior; Walter Hasior; Colon K. Hedges, Harvey Jensen;
Patricia A. Johnson; Willard E. Johnson; Linda Jones;
Hildegard Jopes; Raymond Jopes; David K. Kaplan; Eileen
Kerner; Valdas V. Kiskis; Florence Klessig; W.K. Klessig;
Cecelia Laborati; Juan C. Laborati; Doris Landman;
Kenneth Landman; Nelvin Landman; Wayne Landman; Madeline
Lesky; Mark Lesky; Nancy Lian; Faye Margolin; Sara J.
Melissa; Armond Merluzzi; Lawrence Murphy; Robert Nason;
Helen E. Pinon; Zip L. Pinon; Carmen Ramos; Joseph Ramos;
Mary L. Rossi; Max Sparks; Sally Sparks; Nancy Taylor;
Nancy Tillman; Marla Vaccaro; Robert A. Vaccaro; Erik
Westblom; Richard H. Wheeler; Sara R. Wheeler; and Joe R.
Wickman, Plaintiffs-Appellants,
v.
Glenn D. "Sam" KRUG, et al., Defendants,
and
Glen F. Walquist, in his capacity as Deputy Administrator of
Financial Institutions Division of the Department of
Commerce of the State of Nevada; L. Scott Walshaw, in his
capacity as Administrator of Financial Institutions Division
of the Department of Commerce of the State of Nevada; and
Larry D. Struve, in his capacity as Director of the
Department of Commerce of the State of Nevada, Defendants-Appellees.
 No. 87-2399.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 10, 1988*.
Decided July 26, 1988.
 
 Chris Maglaras, Jr., Ward & Maglaras, Las Vegas, Nev., for plaintiffs-appellants.
 Philip R. Byrnes, Deputy Atty. Gen., Las Vegas, Nev., for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before CHAMBERS, NOONAN and O'SCANNLAIN, Circuit Judges.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 In this appeal and the case of Central Reserve Life of North America Ins. Co. v. Struve, 852 F.2d 1158 (9th Cir.1988), we are called upon to outline the scope and extent of eleventh amendment immunity as it relates to situations in which a state has not been named as a party defendant. Although the bases of jurisdiction in the two cases are different, the issues presented and the analyses set forth are similar.
 
 FACTS
 
 2
 In 1978 All State Thrift ("Thrift"), variously described as a "bank" or "savings and loan association," received a license from the State of Nevada to operate as a thrift company under Nevada law. Beginning in January 1984 and continuing through October of that same year, officers of Thrift (defendants below but not parties to this appeal) solicited numerous private individuals ("appellants") to invest in Thrift. Responding to these solicitations, the appellants purchased more than $3 million of Thrift investment certificates.
 
 
 3
 Meanwhile, in February 1984, Thrift had been placed under state supervision and control.[1] An audit of the institution's books performed the following year disclosed that Thrift's liabilities exceeded its assets by some $10 million. As a result of Thrift's insolvency, its assets were sold to another financial institution, with the appellants recovering approximately 50% of the value of their original $3 million investment.
 
 
 4
 Shortly thereafter, the appellants filed the instant action in federal district court, asserting federal claims under the Securities Act of 1933, the Securities Exchange Act of 1934, Rule 10b-5 of the Securities Exchange Commission Rules, and the Racketeer Influenced and Corrupt Organizations Act, as well as a pendent state law claim, against various individual and corporate defendants.[2] Jurisdiction in the district court was predicated on the existence of a federal question under 28 U.S.C. Sec. 1331.
 
 
 5
 Among those named as party defendants were Larry Struve, Glen Walquist, and Scott Walshaw ("appellees"), state officials charged under Nevada law with the regulatory oversight of state-chartered financial institutions. The State of Nevada was neither named as a party defendant nor served with copies of the summons and complaint. The appellees filed a motion to dismiss the complaint as against them, arguing that the State of Nevada was the real party in interest and that the eleventh amendment therefore barred the district court from exercising subject matter jurisdiction. The district court granted the motion to dismiss and subsequently entered judgment in favor of the appellees. The appellants have filed a timely appeal.
 
 DISCUSSION
 
 6
 The only issue presented on this appeal is whether the eleventh amendment bars an action against state officials sued in their official capacities based on alleged past misconduct. In addressing eleventh amendment problems, we note that five questions must be answered: (1) is the plaintiff one to whom the amendment applies; (2) is the state the real party in interest; (3) is the relief sought barred by the amendment; (4) has the state waived its sovereign immunity; and, if not, (5) is there a congressional statute overriding the state's immunity? See 1 J. Nowak, R. Rotunda & J. Young, Treatise on Constitutional Law: Substance and Procedure, Sec. 2.12(b) at 85 (1986) ("Constitutional Law ").
 
 
 7
 The first, fourth, and fifth questions are easily disposed of. Although the express wording of the eleventh amendment only bars actions filed against a state by citizens of another state or foreign country, the amendment has also been construed to preclude law suits filed against a state by one of its own citizens. Papasan v. Allain, 478 U.S. 265, 275-77, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); Hans v. Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890). Simply put, all private plaintiffs are subject to the amendment. Constitutional Law at 85. Accordingly, the appellants are subject to the eleventh amendment here.
 
 
 8
 With respect to the fourth question, there is nothing in the record to indicate that the State of Nevada has waived its sovereign immunity in such actions. To the contrary, Nevada has expressly reserved its eleventh amendment immunity. See Nev.Rev.Stat. Sec. 41.031(3).[3] See also Nev.Rev.Stat. Sec. 41.032 (extending immunity generally to state officers).[4]
 
 
 9
 As for the fifth question, the appellants have neither argued nor proffered any authority in support of a contention that Congress has overridden Nevada's eleventh amendment immunity under the facts as alleged. We therefore turn to an examination of the interrelated second and third questions.
 
 
 10
 As this court has already noted, where the eleventh amendment is concerned,
 
 
 11
 [T]he state need not be a named party to [an] action; the Amendment bars a suit against state officials when "the state is the real, substantial party in interest." ... [T]he Eleventh Amendment bars a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury.
 
 
 12
 Kerr Center Parents Ass'n v. Charles, 842 F.2d 1052, 1058 (9th Cir.1988). Thus, even though not named as a party defendant, a state will be deemed the real party in interest where, e.g., "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration...." Demery v. Kupperman, 735 F.2d 1139, 1146 (9th Cir.1984) (quoting Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963)), cert. denied, 469 U.S. 1127 (1985). Put simply, the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages, rather than prospective, e.g., an injunction. Papasan, 478 U.S. at 278, 106 S.Ct. at 2940; Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 604 (9th Cir.1986).
 
 
 13
 A qualification to the general rule stated above is that an action will not be deemed to be against the state where the plaintiff seeks to impose personal liability on a state official sued in his individual capacity as a result of actions undertaken by that official which violated the plaintiff's federally protected rights. Scheuer v. Rhodes, 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974);[5] Draper v. Coombs, 792 F.2d 915, 919 (9th Cir.1986); Shaw, 788 F.2d at 604; Demery, 735 F.2d at 1146. It is upon this exception to the rule that the appellants have hung their collective hats.
 
 
 14
 The caption to the appellants' amended complaint identifies the appellees as follows:
 
 
 15
 GLEN F. WALQUIST, in his capacity as Deputy Administrator of Financial Institutions Division of the Department of Commerce of the State of Nevada; L. SCOTT WALSHAW, in his capacity as Administrator of Financial Institutions Division of the Department of Commerce of the State of Nevada; LARRY D. STRUVE, in his capacity as Director of the Department of Commerce of the State of Nevada.
 
 
 16
 Similarly, Messrs. Walquist, Walshaw, and Struve are identified throughout the rest of the appellants' amended complaint solely in their official capacities. More to the point, there is no indication anywhere in the record that the appellants genuinely sought to impose a personal liability for damages on the appellees rather than on the State of Nevada.
 
 
 17
 It is clear that the appellees were sued solely in their official capacities based on past conduct for which the appellants sought only retroactive monetary relief. It is equally clear that any judgment in favor of the appellants on their claims against the appellees "would expend itself on the public treasury or domain." See Dugan, 372 U.S. at 620, 83 S.Ct. at 1006. Accordingly, the eleventh amendment bars this action against the appellees, and the district court did not err in dismissing the complaint as against the appellees.
 
 
 18
 With respect to the appellants' pendent state law damages claim asserted against appellee Walshaw, the eleventh amendment absolutely precludes such claims from being brought in federal district court. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984); Central Reserve Life of North America, 852 F.2d at 1160-61.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 It is not clear from the record just what is meant by "state control" as alleged in the appellants' amended complaint. Presumably it implies some form of operating, as opposed to liquidating, receivership
 
 
 [2]
 Among the defendants listed by the appellants in their amended complaint were individual and corporate John Does. These defendants were not made parties to the appellees' motion to dismiss nor to the district court's granting of that motion, and no error has been asserted on appeal with respect to the Doe defendants. Because jurisdiction was predicated on the existence of a federal question, no problems are raised here such as those presented in the cases of Bryant v. Ford Motor Co., 844 F.2d 602, 605-06 (9th Cir.1988) (en banc) (as amended) (removal of case from California state court to federal district court involving Doe defendants) or Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, 981 (9th Cir.1980), foll. remand, 723 F.2d 707, cert. denied, 469 U.S. 980, 105 S.Ct. 381, 83 L.Ed.2d 316 (1984) (presence of Doe defendants destroys diversity of citizenship with respect to claim asserted against Doe defendants)
 
 
 [3]
 "The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."
 
 
 [4]
 [N]o action may be brought ... against ... an officer or employee of the state ... which is: (1) Based upon an act or omission of an officer [or] employee ... exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation is valid, if the statute or regulation has not been declared invalid by a court of competent jurisdiction; or (2) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of ... any officer [or] employee ... of [the State], whether or not the discretion involved is abused
 (in relevant part).
 
 
 [5]
 Technically, the plaintiffs in Scheuer had sued the defendants in their official capacities. However, the Court concluded that the plaintiffs' claims were in reality directed against the defendants in their individual capacities for which the plaintiffs sought to impose personal liability. 416 U.S. at 238. Accord Papasan, 478 U.S. at 278 n. 11, 106 S.Ct. at 2940 n. 11