**Alberto G. DIAZ, Plaintiff,**

v.

**Lonnie M. CARLSON, Defendant.**

**No. CV–94–1255–GHK(CT).**

United States District Court, C.D. California.

May 22, 1997.

Alberto G. Diaz, Los Angeles, CA, pro se.

Laurie Robin Pearlman, Office of Attorney General, Los Angeles, CA, for Defendant.

## ORDER

KING, District Judge.

This matter comes before the court on Magistrate Judge C. Turchin's Report and Recommendation ("R & R") filed on March 12, 1997. Pursuant to 28 U.S.C. § 636, the court has reviewed, *de novo*, the entire file, including the Magistrate Judge's R & R and plaintiff's objections thereto. Having fully considered this matter, the court rules as follows:

1. The R & R is hereby **APPROVED** in its entirety.

2. Although the Ninth Circuit Court of Appeals, in its May 22, 1995 unpublished memorandum opinion affirming, in part, and vacating and remanding, in part, the court's denial of plaintiff's motion to proceed in *forma pauperis* and dismissal of his civil rights action, suggested in what manner plaintiff's complaint might be amended to allege a possible claim under 42 U.S.C. § 1983, plaintiff has chosen not to do so inasmuch as his amended complaint merely reiterated the allegations and claims that were and are, as Magistrate Judge Turchin[1] found, barred by the *Rooker–Feldman* doctrine.

3. Accordingly, Judgment shall be entered consistent with this order.

IT IS SO ORDERED.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON A CIVIL RIGHTS COMPLAINT

TURCHIN, United States Magistrate Judge.

This report and recommendation is submitted to the Honorable George H. King,

---

1. Magistrate Judge Turchin, in a Memorandum and Order filed on August 26, 1996, fully explained the legal and factual deficiencies in plaintiff's complaint and ordered plaintiff to file, if he so elected, an amended complaint remedying said deficiencies.

United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California. For reasons discussed below, the magistrate judge recommends that summary judgment in favor of plaintiff be denied and that the complaint be dismissed with prejudice.

## PROCEEDINGS

On February 22, 1994, plaintiff, proceeding *pro se,* lodged a civil rights complaint and application to proceed *in forma pauperis.*

After reviewing the complaint, the court denied plaintiff's application to proceed *in forma pauperis.* (*See* Order Re Leave to File Action Without Prepayment of Fees.) The reasons for the denial were set forth in the margin of the application by the magistrate judge, and adopted by the district judge, and stated that the court lacked jurisdiction to review the challenged state court decision and that plaintiff's claims were barred by the statute of limitations. (*Id.*)

Plaintiff appealed. On May 22, 1995, the Ninth Circuit, in an unpublished opinion, affirmed, in part, and vacated and remanded, in part, the district court's order, finding that the complaint may have stated an arguable basis in law or fact. The Court of Appeals further found that, at a minimum, plaintiff should have received notice of the deficiencies in the complaint and been given an opportunity to amend the complaint before the action was dismissed. Following remand, the order denying plaintiff *in forma pauperis* status was vacated as ordered, and the case was reassigned to this court on August 15, 1996.

Thereafter, the court granted plaintiff's application to proceed *in forma pauperis* and, after giving him notice of the deficiencies in the complaint, granted leave to amend the complaint. A first amended complaint was filed on September 23, 1996, but failed to set forth a short and plain statement of plaintiff's claims. The court granted plaintiff leave to amend the complaint again. A second amended complaint (SAC) was filed on October 9, 1996.

On February 3, 1997, defendant filed a motion to dismiss. Plaintiff filed an opposition which was also styled as a motion for summary judgment. On March 4, 1997, defendant filed an opposition to plaintiff's summary judgment motion.[1] Plaintiff filed a timely reply. Both motions were subsequently taken under submission without oral argument pursuant to Fed.R.Civ.P. 78.

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff alleges that he was unable to work and received public financial assistance beginning in March 1988 through May 1991. (SAC at 5.) At some point during that time period, plaintiff had a Supplemental Security Income/State Supplemental Program (SSI/SSP) application for federal social security benefits pending. (*Id.* at 4–5.) After plaintiff's application was approved, the state Department of Social Services recovered $10,937.52 from plaintiff's initial retroactive payment of social security benefits. (*Id.* at 6.)

Plaintiff contends that he was never obligated to, nor did Social Services personnel request him to, sign a Form SSP 14 authorizing reimbursement of interim assistance payments. (*Id.* at 4–5.) According to plaintiff, he signed a Form PA 898 in December 1990 which only authorized reimbursement from the date the form was signed and was not retroactive to the time plaintiff began receiving assistance payments. (*Id.* at 5.) He further contends that the public assistance funds he received from March 1988 through September 1989 were federal, rather than state, funds. (*Id.* at 4.) Plaintiff claims that SSI agency representative Ms. Maria Medina withheld the $10,937.52 without verifying that plaintiff had signed the proper form. (*Id.* at 6.)

Plaintiff contends that the allegedly improper reimbursement violated 42 U.S.C. § 407[2] which prohibits SSI benefits from

---

1. Defendant did not file a reply to plaintiff's opposition to the motion to dismiss.

2. Section 407 provides as follows:

(a) The right of any person to any future payment under this subchapter shall not be transferrable or assignable, at law or in equity....

being seized, attached, executed, levied, or reached by other legal process by a state or other creditor. (*Id.* at 7.) Plaintiff seeks money damages in the amount of the $10,-937.52 reimbursement, plus interest, as well as unspecified compensatory and punitive damages. (*Id.* at 8.)

### DISCUSSION

#### 1. *Motion to Dismiss*

Defendant moves to dismiss the action on several bases. Defendant's motion to dismiss should not be granted unless it is clear plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering the motion to dismiss, the court must accept the allegations of the complaint as true. *Hishon v. King & Spalding,* 467 U.S. at 73, 104 S.Ct. 2229; *Hospital Bldg. Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).

█ The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Moreover, *pro se* pleadings are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Min. Council v. Watt,* 643 F.2d 618, 624 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981).

█ Typically, a court will not consider material outside of the complaint on a motion

(b) No other provision of law, ... may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.
42 U.S.C. § 407.

**3.** The second amended complaint makes clear for the first time that defendant is a state, rather

to dismiss (*e.g.,* facts presented in briefs, affidavits, or discovery materials). *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1483 (9th Cir.1991), *overruled on other grounds by Central Bank of Denver, N.A., v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). However, a court may consider matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1989); *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279 (9th Cir. 1986), *abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino,* 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991).

█ A *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim, unless it is clear the deficiencies cannot be cured by amendment. *McGuckin v. Smith,* 974 F.2d 1050, 1055 (9th Cir.1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997); *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir.1988). For the reasons set forth below, it does not appear that the deficiencies of the SAC can be cured by further amendment. Accordingly, the magistrate judge recommends that the action be dismissed with prejudice.

#### a. *Eleventh Amendment Immunity*

Defendant contends that plaintiff's claims are barred by the Eleventh Amendment. (Defendant's Motion at 6–8; defendant's Opp. at 7–9.) Although plaintiff names the Interim Director of the Department of Social Services as the sole defendant, he is essentially suing the State of California.[3]

█ The Eleventh Amendment bars a suit against a state official when the state is

than county, official. Apparently the named official, Lonnie Carlson, was succeeded by Eloise Anderson as Interim Director in 1992. (*See* Defendant's Opp. at 1 n.1.) Accordingly, Ms. Anderson is automatically substituted as defendant. *See* Fed.R.Civ.P. 25(d)(1); *see also Kentucky v. Graham,* 473 U.S. 159, 166 n. 11, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

the real, substantial party in interest and the plaintiff is seeking damages which must be paid from public funds in the state treasury. *Bair v. Krug*, 853 F.2d 672, 674–675 (9th Cir.1988) (citation omitted); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). An exception exists if the state has expressly waived its sovereign immunity or where Congress has unequivocally abrogated the States' sovereign immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 1122 & n. 7, 134 L.Ed.2d 252 (1996).

■ Because the state Department of Social Services administers the release of public and interim assistance payments, the relief sought by plaintiff would necessarily come from the state treasury. Thus, his claim falls squarely within the Eleventh Amendment's bar to federal court jurisdiction over claims against a state by one of its citizens.

There is nothing to indicate that the State of California has waived its sovereign immunity to such claims. Nor does federal law authorizing states to recoup interim assistance funds unequivocally set forth a clear legislative intent to abrogate Eleventh Amendment immunity. *See* 42 U.S.C. § 1383(g). To the contrary, federal law only requires states to protect the individual's right to a hearing where the individual is aggrieved by the state's action in obtaining reimbursement.[4] 42 U.S.C. § 1383(g)(4)(B). Consequently, California's sovereign immunity remains intact, barring plaintiff's claims. *See Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir.1995) (suit for retroactive monetary reimbursement of withheld assistance benefits barred as suit against the state).

Accordingly, plaintiff's claims against defendant are barred by the Eleventh Amendment.

### b. *Statute of Limitations*

Defendant contends that the statute of limitations applicable to plaintiff's claims expired in 1992 and, therefore, that the action is time-barred because it was not filed until 1994. (Defendant's Motion at 5–6.) Plaintiff contends that the complaint was timely filed pursuant to 28 U.S.C. § 2462 which has a five-year limitations period. (Plaintiff's Opp. & Motion at 12.)

■ Plaintiff's claims are raised under 42 U.S.C. §§ 1983, 1985. Thus, his reliance on 28 U.S.C. § 2462 for the limitations period is misplaced.[5] That provision only applies to actions brought on behalf of the United States, *qui tam* actions, and citizen enforcement actions brought to enforce civil penalties for violations of federal environmental laws. *See Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1521–22 (9th Cir.1987).

■ The limitations period applicable to section 1983 and 1985 claims arising in California is one year from the date of accrual. *Del Percio v. Thornsley*, 877 F.2d 785, 786 (9th Cir.1989); *McDougal v. County of Imperial*, 942 F.2d 668, 673 (9th Cir.1991); Cal. Code Civ. Proc. § 340(3). Plaintiff's claims accrued in 1991 when the state recovered funds from his retroactive SSI payments. Had plaintiff done nothing from that time until he filed this action, his claims clearly would be time-barred. However, it is undisputed that plaintiff pursued administrative remedies which were not completed until the California Supreme Court denied his petition for review on January 26, 1994. This action

---

4. Plaintiff's remedy was to seek a state hearing challenging the reimbursement, which he apparently did. Although the SAC fails to set forth facts concerning the state hearing, the court takes judicial notice pursuant to Fed.R.Evid. 201 of the transcript of the administrative hearing testimony and the California Supreme Court's order denying plaintiff's petition for review which were previously filed by plaintiff and attached to the original complaint. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir.1988) (court may take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment).

5. 28 U.S.C. § 2462 provides:

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offenders or the property is found within the United States in order that proper service may be made thereon.

was filed a month later. Thus, based on the information presently available to this court, it is possible that plaintiff could show that his claims were equitably tolled during the time he pursued state administrative remedies.

"[W]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir.1993). The court may grant a motion to dismiss only if it is clear from the face of the complaint and judicially noticed documents that the plaintiff cannot prevail as a matter of law on the equitable tolling issue. *Id.*

State tolling doctrines apply to the extent that they are consistent with federal policy. *Id.* Under California's doctrine of equitable tolling, the statute of limitations may be tolled while a plaintiff pursues remedies available in another forum if the following factors are met: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence for the second claim; and (3) good faith and reasonable conduct in filing the second claim. *Id.* "The doctrine suspends the statute of limitations pending exhaustion of administrative remedies...." *Donoghue v. County of Orange,* 848 F.2d 926, 930 (9th Cir.1987). However, it is only available for the distinct wrongs which were pursued administratively. *Id.* at 931 (citation omitted); *see also Cervantes v. City of San Diego,* 5 F.3d at 1276 (court must determine whether two claims were sufficiently similar " 'that defendant's investigation of the first claim will put him in a position to fairly defend the second' ").

Neither party has addressed the issue of equitable tolling, and it is not clear from the face of the SAC that plaintiff cannot prevail as a matter of law on this issue. Accordingly, the action should not be dismissed as time-barred.

c. *Subject Matter Jurisdiction*

Defendant contends that the court lacks subject matter jurisdiction over this action because plaintiff's claims are inextricably intertwined with the state proceedings which found that the reimbursement was appropriate. (Defendant's Motion at 8–9.)

A federal district court does not have authority to review a state court decision; review of state court decisions may only be conducted in the United States Supreme Court pursuant to 28 U.S.C. § 1257. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 482, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Partington v. Gedan,* 961 F.2d 852, 864 (9th Cir.), *cert. denied,* 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992). The *Rooker–Feldman* jurisdictional bar applies even if the complaint alleges that the state court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. at 486, 103 S.Ct. 1303; *Allah v. Superior Court of State of Cal., Los Angeles County,* 871 F.2d 887, 890 (9th Cir.1989); *Branson v. Nott,* 62 F.3d 287 (9th Cir.), *cert. denied,* 516 U.S. 1009, 116 S.Ct. 565, 133 L.Ed.2d 491 (1995) (court lacks jurisdiction where it is evident from the face of the complaint that plaintiff is seeking to review merits of state court decision).

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring); *see also Worldwide Church of God v. McNair,* 805 F.2d at 882–93.

After carefully reviewing the SAC, the magistrate judge finds that the claims raised therein are inextricably intertwined with the prior state proceedings. As previously noted, plaintiff does not dispute that his claims concerning the state's right to seek

reimbursement have already been adjudicated in state proceedings. He essentially seeks to relitigate his claim that the state was not entitled to recover the funds without proof that he authorized such recovery by executing a Form SSP 14. (Plaintiff's Opp. & Motion at 12–14; SAC at 4–7.) Thus, a judgment on the merits of plaintiff's claims would necessarily require this court to determine whether the matter was wrongly decided in the state proceedings. This court lacks jurisdiction to do so.[6]

### 2. *Summary Judgment*

In opposing dismissal, plaintiff also moves for summary judgment contending that defendant's failure to provide proof that he signed a Form SSP 14 authorizing the reimbursement entitles him to judgment as a matter of law. (Plaintiff's Opp. & Motion at 7–10, 14–15.)

As set forth above; this court lacks jurisdiction over defendant and over the subject matter of the action. Thus, even if plaintiff were able to meet his burden to show that the reimbursement violated federal law, this court lacks jurisdiction to review the merits of his claims. Accordingly, summary judgment should be denied.

### *RECOMMENDATION*

In accordance with the foregoing, IT IS THEREFORE RECOMMENDED that the Court issue an Order: (1) approving this report and recommendation; (2) denying summary judgment in favor of plaintiff; and (3) directing that judgment be entered dismissing the action with prejudice.

### *NOTICE*

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrates and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Ap-

pellate Procedure should be filed until entry of judgment of the District Court.

March 12, 1997.

---

6. The court finds it unnecessary to discuss the remainder of the grounds for dismissal asserted

by defendant. (*See* Defendant's Motion at 9–12.)