In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1119

Marshall Covington,

Plaintiff-Appellant,

v.

Illinois Security Service, Incorporated,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 1986--William J. Hibbler, Judge.

Argued September 5, 2001--Decided October 22, 2001


   Before Flaum, Chief Judge, and Posner, and
Ripple, Circuit Judges.

   Flaum, Chief Judge.  Marshall Covington
appeals the district court's decision
which dismisses his lawsuit against the
appellee. For the reasons stated herein,
we reverse the decision of the district
court and remand this case for further
proceedings not inconsistent with this
opinion.

I.  BACKGROUND

   Marshall Covington ("Covington") was
employed as a security guard for Illinois
Security Service, Incorporated ("ISS").
After he allegedly had been found
sleeping on the job, ISS terminated
Covington. On May 24, 1999, Covington
filed a charge against ISS with the EEOC,
claiming that he had been subjected to
racial slurs while on the job and that
his discharge had been racially
motivated.

   After an EEOC mediation process failed
to resolve the matter, Covington was
verbally informed by an EEOC investigator
that his charge would likely be dismissed
and that he would receive a Right-to-Sue
letter in short order. Covington was also
informed that he would have ninety days
from the receipt of the Right-to-Sue
letter to file suit against ISS. On
October 20, 1999, the EEOC sent Covington

a letter, via certified mail, dismissing his charge. In that letter, the EEOC informed Covington that he would have ninety days to file a lawsuit against ISS. A copy of Covington's Right-to-Sue letter was received by ISS on October 22, 1999.

This appeal centers around the Right-to-Sue letter which was sent to Covington via certified mail. The postal service unsuccessfully attempted to deliver that letter to Covington's address. Covington asserts that he received no notice that the postal service had attempted delivery. According to postal procedures, when a recipient is not present to sign for a certified piece of mail, notice is left at the recipient's address, informing him that the letter is being held at the post office. After five days, a second notice is left at the recipient's address, and ten days after that, if the letter has not been picked up by the recipient, it is returned to the sender. Covington's Right-to-Sue letter remained unclaimed and was eventually returned to the EEOC on December 27, 1999. The following day, the EEOC sent Covington a copy of the letter via first class mail. Covington acknowledges that he received the first class letter on January 4, 2000. The first class letter received by Covington was stamped with the following notation: "Received EEOC Dec 27 1999 Chicago District Office." On March 31, 2000, eighty-seven days after he had received the first class letter from the EEOC, Covington filed suit against ISS, alleging that he was discharged in violation of Title VII of the Civil Rights Act.

ISS filed a motion to dismiss Covington's complaint as untimely, pursuant to Federal Rule of Civil Procedure 12(b)(6). In response to ISS's motion, Covington filed a brief stating that he had acted diligently in bringing his lawsuit. In support of this responsive pleading, Covington attached an affidavit in which he swore that he "first received notice of the Right-to-Sue letter by regular mail on or about January 4, 2000," and that he "was never told by anyone at the EEOC or by Defendant that service had been previously attempted." See Covington Affidavit para.para. 8, 13.

The district court granted ISS's motion to dismiss and concluded that Covington had been negligent in his failure to retrieve his certified letter from the post office.

## II. DISCUSSION

When a district court is presented with a 12(b)(6) motion to dismiss a plaintiff's complaint, "if . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

In dismissing Covington's case, the district court concluded that Covington had been negligent in his "failure . . . to pick up his certified mail," and, as a result of his negligence, he should be barred from proceeding with his lawsuit. Whether Covington was negligent in retrieving his certified letter from the EEOC involves a factual inquiry that extends beyond the four corners of the pleadings and is within the province of Rule 56. The district court, however, did not treat ISS's motion as one for summary judgment. It did not allow the parties to engage in discovery and did not extend the appropriate deference to the nonmoving party. Instead, while making factual determinations about Covington's conduct, the district court chose, without comment, to give more credence to the ISS version of the events and to disregard those contained in Covington's affidavit./1

Although we have at times allowed the conversion of a motion to dismiss into one for summary judgment to be implicit, "reversal of such a ruling may become necessary if the district court has not provided the adversely affected party with notice and an opportunity to respond." Alioto v. Marshall Field & Co., et al., 77 F.3d 934, 936 (7th Cir. 1996). Particularly in this case, where Covington's affidavit creates a material factual dispute over his alleged negligence in retrieving his certified mail, the district court should permit the parties to engage in discovery

beforeconverting (for all intents and purposes) a motion to dismiss into one for summary judgment. Furthermore, considering the deferential standard governing summary judgment, the district court should supply some rationale as to why it disregarded Covington's affidavit in favor of the ISS version of the events.

III.  CONCLUSION

For the reasons stated herein, we Reverse the decision of the district court and Remand this case for further proceedings not inconsistent with this opinion.

FOOTNOTE

/1 The need for fuller explanation of the district court's rationale is particularly acute in light of the standard under Rule 56, which requires courts to construe facts and make inferences from those facts in favor of the nonmoving party. See, e.g., Central States, Southeast & Southwest Areas Pension Fund v. Fulkerson, 238 F.3d 891, 894 (7th Cir. 2001).