**G. Daniel WALKER, Plaintiff—Appellant,**

v.

**Bruce A. CLARK; et al., Defendants—Appellees.**

No. 01–57112.

D.C. No. CV–99–04471–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM**

G. Daniel Walker appeals pro se the district court's judgment dismissing his second amended complaint alleging Racketeer Influenced and Corrupt Organizations Act ("RICO") and civil rights claims against prison officials and state agencies in California and Illinois. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim under the screening provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm in part, vacate in part, and remand.

The district court correctly found that Walker's claims against the California Department of Corrections, the Illinois Department of Corrections, the California Correctional Institution in Tehachapi, and the Kern County Superior Court are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *see also Bair v. Krug*, 853 F.2d 672, 674–75 (9th Cir.1988) (RICO does not override a state's sovereign im-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

munity); *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987) (concluding that Eleventh Amendment immunity applies to Superior Courts in California).

The district court correctly dismissed Walker's RICO claims against the remaining defendants because the second amended complaint failed to allege sufficient facts to demonstrate that they engaged in racketeering activity. *See Bowen v. Oistead,* 125 F.3d 800, 806 (9th Cir.1997) (civil rights violations do not fall within the statutory definition of racketeering activity). To the extent that Walker seeks to allege predicate acts of mail or wire fraud, he failed to plead fraud with sufficient particularity. *See Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir. 1989) (applying the particularity requirements of Fed.R.Civ.P. 9(b) to RICO claims). The district court also correctly dismissed Walker's 42 U.S.C. § 1985(2) claims because he failed to allege any racial or class-based discriminatory animus. *See Bretz v. Kelman,* 773 F.2d 1026, 1028 (9th Cir.1985) (en banc).

■ The district court erred by dismissing Walker's 42 U.S.C. § 1983 claims for failure to exhaust administrative remedies because nonexhaustion is a defense that must be raised and proved by the defendants, and Walker has not conceded nonexhaustion. *See Wyatt v. Terhune,* 305 F.3d 1033, 1044–46 (9th Cir.2002). The district court also incorrectly concluded that the individual defendants were immune from suit under the Eleventh Amendment because Walker sued these defendants in their personal capacities. *See Romano v. Bible,* 169 F.3d 1182, 1186 (9th Cir.1999) (presuming that individually named officials were sued in their personal capacities even though complaint was not explicit) (citations omitted).

■ Moreover, Walker's second amended complaint contains sufficient facts to state a claim under section 1983. The complaint alleges that the defendants: (1) confiscated and failed to ship his legal files and other legal material when he was transferred from Illinois to California, which caused Walker to default in several cases; (2) intercepted his outgoing mail and prevented documents from being filed in court; and (3) seized his computer equipment and several typewriters, which prevented Walker from submitting pleadings because they were not typewritten. Although we express no opinion as to the merits of the case, if proven, these allegations are sufficient to state a claim. *See, e.g., Lewis v. Casey,* 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (prisoners have constitutional right of access to courts); *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir.1995) (per curiam) (prisoners have First Amendment right to send and receive mail).[1]

Accordingly, we vacate the portion of the district court's judgment dismissing Walker's section 1983 claims as to the individual defendants and remand for service of process on these defendants. We affirm the remainder of the district court's judgment.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

1. To the extent that Walker is attempting to state a section 1983 claim for deprivation of property, the district court properly dismissed this claim. *See Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam) (holding that deprivation of a prisoner's property fails to state a claim under section 1983 because California state law provides an adequate post-deprivation remedy).