John Michael CAREY, CEO, Residential Employment Services Inc., Plaintiff—Appellant,

v.

Chris ANDREWS, Shasta County Recorder; Kim Belshe; United States of America; Far Northern Regional Center; Laura Larson, Defendants—Appellees.

No. 05–16323.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 21, 2006.

John Michael Carey, Redding, CA, pro se.

Monique Grandaw, Brickwood Law Office, Redding, CA, Bruce J. Braverman, AGCA–Office of the California Attorney General, Department of Justice, Michael A. Bishop, Esq., Matheny Sears Linkert & Long, LLP, Sacramento, CA, Paul S. Ham, Esq., Ellen Page Delsole, U.S. Department of Justice, Tax Division, Washington, DC, for Defendants–Appellees.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

John Michael Carey, CEO of Residential Employment Services ("RES"), appeals pro se from the district court's judgment dismissing his action against the Commissioner of Internal Revenue ("CIR"), the Shasta County Recorder ("SCR"), the Far Northern Regional Center ("FNRC"), and the Secretary of the California Department of Health and Human Services ("DHHS") based on conduct relating to the enforcement of a federal tax lien. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss, *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir.1995), and for abuse of discretion its denial of a preliminary injunction motion, *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir.2001). We affirm.

■ The district court properly dismissed Carey's claims against the CIR based on sovereign immunity. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985) (holding that a suit against IRS employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity).

■ The district court did not err by dismissing Carey's claims against the SCR because he properly recorded the federal tax lien in accordance with his job. *See* Cal. Civ. Proc. § 2103(a)(2) (requiring county recorder to record and index any federal lien filed); Cal. Gov't.Code § 27320 (requiring any instrument authorized by law to be recorded be so recorded).

■ The district court properly dismissed Carey's claims against the FNRC and its director because they were honoring a federal tax levy. *See* 26 U.S.C. § 6332(e).

■ The district court properly dismissed Carey's claims against the Secre-

tary of DHHS because she is immune from liability for actions taken in her official capacity. *See Bair v. Krug*, 853 F.2d 672, 674–75 (9th Cir.1988).

■ The district court did not abuse its discretion by denying Carey's motion for injunctive relief because it was barred by the Anti–Injunction Act. *See* 26 U.S.C. § 7421(a) (prohibiting injunctions against any and all acts necessary or incidental to the collection of taxes). In any case, RES, not Carey, was the real party in interest, and thus, Carey had no standing to seek injunctive relief. *See* Fed.R.Civ.P. 17(a).

**AFFIRMED.**