**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFRED BANKS, | No. 13-56819 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01886-GPC-MDD |
| v. | |
| ACS EDUCATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 30, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

Alfred Banks appeals *pro se* the order dismissing with prejudice his third amended complaint, alleging that eighteen defendants violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), Fair Debt Collection Practices

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act ("FDCPA"), and Fair Credit Reporting Act ("FCRA"), among other laws, by conspiring to "negative[ly] report" information about his student loans and consumer credit accounts. Banks also challenges the district court's denial of his motion for reconsideration and numerous interim orders.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We decline to consider all issues relating to interim orders that were immaterial to the final judgment as well as issues that are unsubstantiated by explanation or argument. *See Nat'l Am. Ins. Co. of Cal. v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 540 (9th Cir. 1996) (declining to review orders immaterial to final judgment); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (finding waiver of issues not sufficiently argued in *pro se* appellant's opening brief). In all other regards, we affirm.

---

[1] In addition, Banks presents three motions on appeal. First, his motion for judicial notice of certain newspaper articles is denied, as Banks fails to identify or attach the documents or explain their relevance to his case. Second, his motion to strike various portions of the record is also denied. An order by the Clerk of Court granted appellees' motion to substitute redacted versions for originally filed exhibits that included Banks' social security number and other identifying information, resolving the one meritorious issue Banks raises in his motion to strike. Finally, we deny Banks' motion for sanctions arising from appellees' filing of documents containing Banks' personal identifying information. Banks offers no legal basis for his request that appellees' counsel be suspended from practice and sanctioned in the amount of five thousand dollars, nor does he dispute that the filing was inadvertent and swiftly corrected.

There was no error in dismissing the claims against the California Student Aid Commission ("CSAC") on Eleventh Amendment grounds. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As "the primary state agency for the administration of state-authorized student financial aid programs," Cal. Educ. Code § 66010.6(b), CSAC is immune from this private lawsuit in federal court unless Congress clearly abrogated immunity or CSAC otherwise waived immunity. *See Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1999). Congress has not abrogated state immunity under RICO, *Bair v. Krug*, 853 F.2d 672, 674–75 (9th Cir. 1988) or the FDCPA, 15 U.S.C. § 1692a(6)(C) (excluding states from the definition of "debt collector"), and could not validly abrogate immunity under the FCRA, *see Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 727 (2003) (recognizing Congress may not abrogate sovereign immunity pursuant to the Commerce Clause). Because CSAC did not waive immunity, dismissal was proper.

Nor was there error in dismissing Banks's RICO claim which fails as a matter of law because violations of the FDCPA and FCRA are not within the enumerated predicate acts that may amount to a "pattern of racketeering activity." *See* 18 U.S.C. § 1961(1) (listing predicate acts). And, absent allegations of a usurious interest rate, student loans and lines of consumer credit do not meet the statutory definition of an "unlawful debt" for purposes of a RICO claim. *See id.* § 1961(6) (defining "unlawful

3

debt" as debt incurred as a result of illegal gambling or in violation of state or federal usury laws). Because Banks failed to state a claim under 18 U.S.C. § 1962(a)–(c), his conspiracy claim under 18 U.S.C. § 1962(d) also necessarily fails. *See Reddy v. Litton Indus.*, 912 F.2d 291, 295 (9th Cir. 1990).

To state a claim under the FCRA, Banks was required, at a minimum, to allege factual content showing an inaccuracy in his credit report and that he communicated his disputes to the credit reporting agencies ("CRAs"). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154, 1162 (9th Cir. 2009). Although Banks alleges sufficient facts to demonstrate he informed the CRAs that he disputed information reported by defendants ACS Education Services and ACS College Loan Corporation, Banks failed to sufficiently allege that the reported information is inaccurate. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890–91 (9th Cir. 2010). With regard to the remaining defendants, Banks failed to allege that he notified the CRAs of any dispute regarding information furnished by those entities. *See Gorman*, 584 F.3d at 1162.

To state a claim under the FDCPA, Banks was required to allege "factual content that allows the court to draw the reasonable inference" that the defendants: (1) are debt collectors, and (2) used "any false, deceptive, or misleading representation or means in connection with the collection of any debt" or otherwise engaged in

4

conduct that violates a provision of the FDCPA. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013). Most defendants in this litigation are original creditors, and therefore, fall outside the definition of "debt collector" under the circumstances. *See De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074 (9th Cir. 2011); *see also* S. Rep. No. 95-382, at 3 (1977), *reprinted in* 1977 U.S.C.A.N.N. 1695, 1698 ("The term debt collector is not intended to include . . . 'in house' collectors for creditors so long as they use the creditor's true business name when collecting . . . ."). Although the complaint and its attachments contain sufficient information to infer that defendants Procollect and Coast Professional are debt collectors, Banks has not alleged sufficient facts to plausibly show that either entity engaged in conduct that violates the FDCPA. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 999–1000 (9th Cir. 2012).

Because Banks had several earlier opportunities to amend his complaint and failed to add any factual allegations to cure the deficiencies identified by the district court, it was not an abuse of discretion to dismiss the third amended complaint with prejudice. *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009).

Finally, there was no abuse of discretion in denying Banks's motion for reconsideration, which was based on unsupported allegations of judicial bias.

**AFFIRMED**

5