In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-1346

MARVIN D. GLEASH, SR.,

Plaintiff-Appellant,

v.

MICHAEL YUSWAK, *et al.*,

Defendants-Appellees.

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 00 C 50435—**Philip G. Reinhard**, *Judge*.

ARGUED OCTOBER 2, 2002—DECIDED OCTOBER 21, 2002

Before BAUER, EASTERBROOK, and ROVNER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge.* Marvin Gleash has filed two essentially identical suits complaining that prison guards violated the eighth amendment by confiscating a back brace that the prison's medical staff had provided. The district court dismissed the first suit with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted. The judge viewed the complaint as challenging the medical staff's delay in furnishing a replacement; that grievance, the judge stated, alleges only negligence and thus does not state a constitutional claim. See *Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Gleash timely sought reconsideration, pointing out that his principal allegation—which the judge had not mentioned—was that the guards should not have taken his brace in the first place. The judge denied this motion without comment. Gleash did not appeal. Instead, a little more than five months later, he filed a second action making the same allegations. The same judge who had handled the first action dismissed the second before the defendants had been served with process, observing that a suit "duplicative of a parallel action already pending in another federal court" may be dismissed. This time Gleash appealed.

The judge's first decision is problematic because it did not come to grips with Gleash's principal contention. Confiscation of a medical device for no reason other than to inflict pain violates the eighth amendment. Moreover, the judge's second decision cannot be sustained on the ground that he gave. No rule of federal law requires the dismissal of a second or successive civil suit, even if another concerning the same controversy is pending. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952), show that a federal judge may stay an action when some other suit offers the advantage of a speedy and comprehensive solution, but that does not describe Gleash's situation. No other suit was pending when the second was dismissed. Even when prudence calls for putting a redundant suit on hold, it must be stayed rather than dismissed unless there is no possibility of prejudice to the plaintiff. See *Deakins v. Monaghan*, 484 U.S. 193, 202-04 (1988); *Central States Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442 (7th Cir. 2000); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 838-39 (7th Cir. 1999).

Yet although the district court's explanation was deficient, its judgment may be correct. Gleash's first suit was

over, and a renewal may be dismissed on the ground of claim preclusion (res judicata) even if the decision in the first was transparently erroneous. See *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981). If, as Gleash's appellate counsel contends, the court should have dismissed the first *complaint* rather than the first *suit* (a step that would have allowed refiling), the fact remains that this is not what happened. The final decision terminated the suit. In civil litigation, the final resolution of one suit is conclusive in a successor, whether or not that decision was correct. If Gleash wanted to contest the validity of the district judge's decision—either on the merits or on the ground that he should have been allowed to re-plead—he had to appeal.

One potential response might be that claim preclusion is an affirmative defense, which judges should not entertain when conducting pre-service screening under §§ 1915(e)(2)(B) and 1915A. Briefing this question at our request, Gleash's counsel commendably replied that a court that has discretion to raise affirmative defenses on its own after service, see *Arizona v. California*, 530 U.S. 392, 412-13 (2000), has the same discretion before service. Both §1915(e)(2)(B)(iii) and §1915A(b)(2) *require* the judge to consider official immunity, which is an affirmative defense. See *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). This implies that other affirmative defenses are open too. So we held in *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002), adding that the judge should invoke an affirmative defense (on behalf of potential defendants who have not had a chance to do so themselves) only if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous. That standard was met here, because all of the proceedings in the first suit occurred before the same judge, who therefore did not need to guess what those records would show. Under the

circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss on preclusion grounds. It was sensible to stop the suit immediately, saving time and money for everyone concerned. See *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Only one way out has been suggested: Gleash's appellate counsel contends that the district judge should have treated the second complaint not as an independent suit but as a motion for relief under Fed. R. Civ. P. 60(b)(6) in the initial (and thus the only) suit. Although the point is well argued, it cannot prevail. True enough, courts give effect to the substance of a document and not to its caption. See, e.g., *Smith v. Barry*, 502 U.S. 244 (1992) (appellate brief may be treated as a notice of appeal if it contains all matters essential to a notice of appeal); *Godoski v. United States*, No. 02-1412 (7th Cir. Sept. 23, 2002) (petition for a writ of error coram nobis properly treated as a collateral attack under 28 U.S.C. §2255). But the substance of this document matched its caption. Complaints state *claims*, while motions under Rule 60(b) state *reasons for modification*. The document that Gleash filed was a claim, not a request (with reasons) for alteration. Even pro se litigants must follow the rules. See *McNeil v. United States*, 508 U.S. 106 (1993). Just as a letter is not a complaint, see *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984), so a complaint is not a motion in a prior and unnamed case. The civil rules distinguish "pleadings" from motions, and this was a "pleading." That much of form must be respected, given the many rules (including timing and answer requirements) for pleadings, which differ substantially from the timing and form rules for motions. Otherwise litigation is chaos.

Anyway, it would do Gleash no good to treat this as a Rule 60(b) motion, not only because appellate review is

deferential, see *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826 (7th Cir. 1985)—and a district judge does not abuse his discretion by failing to do something he was never even *asked* to do—but also because legal error is not a proper ground for relief under Rule 60(b). That rule is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier. See *Central States Pension Fund v. Central Cartage Co.*, 69 F.3d 1312 (7th Cir. 1995). A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal. What Gleash really wants is to take a long-delayed appeal from the district judge's initial order, using Rule 60(b) to reopen the window. That is not a proper use of the rule, as appellate counsel concedes. See *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Neuberg v. Michael Reese Hospital Foundation*, 123 F.3d 951, 955 (7th Cir. 1997). Indeed, even a post-judgment change of law does not allow relief under Rule 60(b). See *Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074 (7th Cir. 1997).

Counsel contends that prisoners' suits should be handled differently because erroneous orders under §§ 1915(e)(2)(B) and 1915A may be counted against a prisoner's limit of three frivolous suits or appeals *in forma pauperis*. See 28 U.S.C. §1915(g). The district judge stated that Gleash's initial complaint was one of these "strikes." That notation is no more than a housekeeping matter, however; whether a prisoner is disqualified under §1915(g) must be determined by the court in which the *fourth* action is filed. See *Evans v. Illinois Department of Corrections*, 150 F.3d 810 (7th Cir. 1998).

For what it may be worth, our view of this matter differs from the district judge's: Gleash's first suit was *not* frivolous and does not count against the limit of three. But

his second suit, squarely barred by claim preclusion, is frivolous. This appeal is not itself frivolous; we did not determine until after Gleash filed his notice of appeal that district judges are entitled to dismiss (before service) on account of affirmative defenses other than immunity. See *Walker*, 288 F.3d at 1009-10. What is more, the district judge's stated reason for dismissal was erroneous, so an appeal could not be deemed frivolous. The bottom line is that Gleash has accumulated one "strike" over the course of the two suits and one appeal.

AFFIRMED

A true Copy:

        Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*