556

**Kenneth C. WHITAKER,**
**Plaintiff–Appellant,**

v.

**Kenneth R. MORGAN, Warden, et**
**al. Defendants–Appellees.**

**No. 01–4064.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 27, 2003.*

Decided March 27, 2003.

Before POSNER, MANION, and
WILLIAMS, Circuit Judges.

### ORDER

After the district court dismissed his
civil rights suit for failure to state a claim,
Wisconsin inmate Kenneth Whitaker
moved to vacate the judgment pursuant to
Federal Rule of Civil Procedure 60(b) be-
cause he had "inadvertently" failed to al-
lege certain facts supporting his claim.
The district court denied the motion, and
we affirm.

Whitaker alleged in his complaint that
Kenneth Morgan (the prison warden) and
Christopher Ellerd (the security director)

---

* We granted the appellees' motion for non-
involvement due to lack of service in the
district court. Accordingly, this appeal has
been submitted without the filing of a brief by
the appellees. After examining the appel-
lant's brief and the record, we conclude that
oral argument is unnecessary. Thus, the ap-
peal is submitted on the appellant's brief and
the record. *See* Fed. R.App. P. 34(a)(2).

violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from an attack by another inmate. Whitaker explained that while in the prison gym he was attacked by inmate Robert Brandon—also named as a defendant. Whitaker suffered numerous injuries, including a head wound requiring eight stitches. He blamed the attack on the "neglect" of Morgan and Ellerd for providing only one corrections officer to oversee "50 to 75" inmates. In an attachment to his complaint, Whitaker added that the defendants' actions constituted "a violation of my 8th Amendment Rights of 'Deliberate Indifference.'" He also attempted to "amend" his complaint to include, as a "John Doe" defendant, the corrections officer who was on duty at the time of his attack.

Screening the complaint pursuant to 28 U.S.C. § 1915A, the district court concluded that Whitaker failed to state a claim under 42 U.S.C. § 1983 against Brandon because, as an inmate, he was not acting under color of state law. The court further reasoned that Whitaker failed to state a claim against Morgan and Ellerd because he alleged that they acted with mere negligence, not deliberate indifference, when they failed to provide a sufficient number of corrections officers to oversee the inmates. The district court did not mention Whitaker's claim against the "John Doe" defendant.

A few weeks later Whitaker moved to vacate the judgment under Rule 60(b). He argued that he had "inadvertently" failed to allege sufficient facts in his complaint to support a violation under the Eighth Amendment. Whitaker explained that just prior to his attack he had informed Ellerd—who he now claimed was the corrections officer in the gym—that he and Brandon had exchanged "words while on the streets" and that Brandon had warned, "The next time that I see you, I will beat you down." Whitaker contended that when he told Ellerd that he feared for his safety, Ellerd told him to go into the gym or he would write a "major conduct report" and put him in segregation. He further claimed that Ellerd "intentionally stood there and watched defendant Brandon . . . beat the plaintiff."

The district court denied Whitaker's motion, concluding first that the motion failed to challenge the court's conclusion that Brandon was not a state actor. The court then determined that the motion did not allege that Morgan had any personal involvement in the alleged deprivation of Whitaker's rights. As for Ellerd, the court thought the question was closer, but ultimately concluded that Whitaker failed to satisfy his burden to prove that he deserved relief under Rule 60(b). The court reasoned that Whitaker did not explain why he failed to allege in his complaint the new facts about Ellerd. The court also noted that none of the state grievance forms attached to the complaint included the new facts about Ellerd, thus leading the court to believe that Whitaker "came up" with those facts so that he could allege a § 1983 claim.

Still unsatisfied with the dismissal, Whitaker filed a motion to "re-open" his case. He alleged the same facts as before, but this time claimed that Ellerd was not the corrections officer in the gym during his attack. He explained that he did not know that officer's name and that he wanted to amend his complaint to add a "John Doe" defendant in that officer's place. The district court denied Whitaker's motion for the same reasons it denied his first Rule 60(b) motion.

Whitaker then filed a notice of appeal, but in an order filed on September 24, 2002, we explained that he filed it too late to challenge the underlying judgment and

that it was effective only to challenge the denial of his initial Rule 60(b) motion. *Whitaker v. Morgan,* No. 01–4064 (7th Cir. Sept. 24, 2002) (unpublished order). Although not mentioned in our earlier order, Whitaker's notice of appeal is also effective to challenge the denial of his second Rule 60(b) motion. But Whitaker's brief fails to mention, let alone challenge, the district court's denial of his Rule 60(b) motions. The brief merely recites the facts of his underlying claim and reasserts the allegations against the defendants. Although *pro se* litigants must comply with Federal Rule of Appellate Procedure 28(a)(9)(A) and set forth their contentions with the district court's judgment, *see Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001), we will liberally construe Whitaker's brief and address the merits of his appeal.

■ The district court denied Whitaker's Rule 60(b) motions because "Rule 60(b) ... does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling." *Jinks v. Allied-Signal, Inc.,* 250 F.3d 381, 387 (6th Cir. 2001); *accord Barrett v. Lombardi,* 239 F.3d 23, 28 (1st Cir.2001); *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir.2000); *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 577 (10th Cir.1996). But the district court's rationale presupposes that Whitaker needed to allege the omitted facts to state a § 1983 claim. Federal courts do not require fact pleading, and a case may be dismissed only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The district court dismissed the case because Whitaker alleged negligence, not deliberate indifference, but Whitaker's allegations of "neglect" did not rule out the possibility that the defendants acted with deliberate indifference. *See Nance· v. Vieregge,* 147 F.3d 589, 590 (7th Cir.1998). And the district court failed to acknowledge that, in an attachment to the complaint, Whitaker alleged generally that the defendants acted with deliberate indifference. Thus, the complaint stated a claim upon which relief could be granted, and Whitaker did not need to allege the facts listed in his Rule 60(b) motion. *See Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (to state claim under § 1983 plaintiff need only allege deprivation of federal right by someone acting under color or of state law).

■ But our review does not extend to the underlying dismissal and is limited to the denial of Whitaker's Rule 60(b) motions. Those motions did not challenge the dismissal based on an erroneous requirement of fact pleading, but even if they did raise such a challenge, they would have failed because "legal error is not a proper ground for relief under Rule 60(b)". *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir.2002). If Whitaker wanted to challenge the dismissal on that ground, he should have timely filed a notice of appeal. *See Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir.2000) (Rule 60(b) relief appropriate only on grounds that could not have been raised on direct appeal). Accordingly, we AFFIRM the district court's denial of Whitaker's Rule 60(b) motions.