**Biff GUENTHENSPBERGER, Plaintiff–Appellant,**

v.

**Robert CARTER, Sheriff of Clay County, Defendant–Appellee.**

No. 02–2501.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 18, 2003.*

Decided Nov. 18, 2003.

---

*\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).*

Biff Guenthenspberger, pro se, Bowling Green, IN, for Plaintiff–Appellant.

Edward J. Liptak, Miller, Carson, Boxberger & Murphy, Bloomington, IN, for Defendant–Appellee.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

### ORDER

Proceeding *pro se,* Biff Guenthenspberger alleges in this 42 U.S.C. § 1983 action that Clay County Sheriff Robert Carter is responsible for violating his Fourth and Fifth Amendment rights, and for disseminating false information to his employer about his involvement with child pornography. The district court granted summary judgment for Carter, and we affirm.

Guenthenspberger's constitutional claims against Carter arise from three unrelated incidents involving the Clay County Sheriff's Department. The first incident involved a secret tape-recording made by two Clay County deputies, while they questioned Guenthenspberger at his home about suspicions that he had made harassing phone calls to a judge. As soon as Guenthenspberger stated that he had "better get in touch with a lawyer," the deputies left; at no time did they read Guenthenspberger his Miranda rights. Even though Guenthenspberger was never arrested or prosecuted on any charge related to this incident, he asserts that the failure to read him Miranda warnings violated his Fifth Amendment rights.

A second incident involved the alleged complicity of Clay County deputies in allowing Guenthenspberger's children (of whom he had been stripped of custody) to enter his home and take their possessions. Guenthenspberger asserts that the deputies violated the Fourth Amendment when they allowed his son to break and enter into his house—even though the deputies had been acting pursuant to a valid court order.

A third incident concerned alleged conversations that Sheriff Carter had held with Guenthenspberger's employer about a purported investigation of Guenthenspberger for child pornography or sexual abuse involving his daughter. Guenthenspberger asserts that the Sheriff's alleged handling of this matter was egregious, akin to libel.

After the Sheriff moved for summary judgment, the district court warned Guenthenspberger on two separate occasions that he needed to supplement the record with evidence showing a genuine issue of material fact. He did not, and the court eventually granted summary judgment for the Sheriff. Regarding the first of the three incidents, the court found that the deputies had not arrested Guenthenspberger for suspected criminal activity, and therefore they could not have violated Guenthenspberger's Fifth Amendment rights. As for the second incident, the court found that the deputies who escorted Guenthenspberger's children to his home had acted within the bounds of a valid court order and, therefore, were immune from suit. For the third incident, the court concluded that the Sheriff had shown without contradiction that he did not disseminate information as alleged by Guenthenspberger, and, in any event, bore no personal responsibility for whatever occurred concerning his deputies.

■ We can discern only three general arguments in Guenthenspberger's brief on appeal that are developed sufficiently to challenge the district court's conclusions. *See* Fed. R.App. P. 28(a)(9). First, Guenthenspberger reasserts his argument that the deputies, in secretly tape-recording the questioning, violated his Fifth Amendment rights. However, because "the doctrine of respondeat superior does not apply to § 1983 actions," *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001), and Guenthenspberger has not alleged that the Sheriff participated in or supervised the questioning, Guenthenspberger cannot bring this claim against the Sheriff in his individual capacity. This argument also cannot succeed as an official capacity claim. Since Guenthenspberger was neither arrested nor had his freedom of movement restricted to the degree equivalent to a formal arrest, his Miranda rights did not attach. *See Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (per curiam); *United States v. James*, 113 F.3d 721, 727 (7th Cir.1997).

■ Second, restating his claim of libel, Guenthenspberger argues that the court prematurely granted summary judgment because he intended to substantiate his claims at trial with testimony from live witnesses. To stave off summary judgment, however, Guenthenspberger needed to point to evidence in the record that showed a genuine dispute of material fact. *See Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir.2003). To the extent that he wished to rely on the testimony of the live witnesses, whom he identified by name in his pleadings to the district court, Guenthenspberger should have filed a Rule 56(f) motion seeking additional time to obtain the testimony or explaining why he could not sufficiently present it by means of an affidavit. *See* Fed.R.Civ.P. 56(f); *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir.1993) (requiring *pro se* litigant to follow Rule 56(f)); *see also Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir.2002) ("Even *pro se* litigants must follow the rules."). Since Guenthenspberger did not avail himself of Rule 56(f), the district court did not abuse its discretion in granting summary judgment. *See Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir.2000); *Wallace v. Tilley*, 41 F.3d 296, 302–03 (7th Cir.1994).

■ Finally, as to the Fourth Amendment claim, Guenthenspberger renews

 

without elaboration his argument that the deputies improperly allowed his children to enter his home. We find no reason, however, to disturb the district court's conclusion that the officers here were immune from suit. *See Wollin v. Gondert,* 192 F.3d 616, 624–625 (7th Cir.1999).

Accordingly, we AFFIRM the judgment of the district court.