**Willie B. HADLEY, Jr., Plaintiff–Appellant,**

v.

**Diane JOCKISCH, Defendant–Appellee.**

No. 02–1691.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 6, 2004.*

Decided Feb. 6, 2004.

Willie B. Hadley, Jr., pro se, Ina, IL, for Plaintiff–Appellant.

Deborah L. Ahlstrand, Office of the Attorney General, Chicago, IL, for Defendant–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Willie Hadley, an Illinois prisoner, filed a lawsuit under 42 U.S.C. § 1983, alleging that Diane Jockisch, an employee of the Illinois Department of Corrections, discriminated against him on the basis of race when she denied his request for a transfer to a minimum security prison. In December 2001, after a bench trial at which none of Hadley's subpoenaed witnesses appeared, the district court granted Jockisch's motion to dismiss the case because Hadley had failed to present any evidence to support his claim. Hadley did not appeal but instead in January 2002 filed a "Motion for Relief from Judgment" under Federal Rule of Civil Procedure 60(b). He argued that he was entitled to a new trial because the district court had barred him from calling his primary witness. He also contended that he suffered prejudice when his case was reassigned to a new judge during discovery. The district court de-nied Hadley's motion, concluding that Hadley had not raised any of the grounds for relief under Rule 60(b). Hadley appeals from the denial of his motion, and we dismiss his appeal.

Rule 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, void judgments, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). It is not a substitute for a timely appeal. *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir.2002). Hadley's motion did not seek relief under any of the grounds specified in Rule 60(b), but rather sought merely to challenge the district court's underlying judgment. This is an impermissible use of Rule 60(b). *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801–802 (7th Cir.2000). Both of the issues Hadley raised in his motion would have been proper subjects of a direct appeal. *See Alverio v. Sam's Warehouse Club, Inc.,* 253 F.3d 933, 937 (7th Cir.2001) (direct appeal addressing issue of case reassignment); *Wilson v. AM Gen. Corp.,* 167 F.3d 1114, 1122 (7th Cir.1999) (direct appeal addressing exclusion of witnesses). We conclude that this appeal is an untimely attempt to appeal the December 2001 dismissal of his case, and, accordingly, we do not consider it. *Bell,* 214 F.3d at 800.

APPEAL DISMISSED.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).