Robert E. ADSIT, Petitioner,

v.

Dr. Roman KAPLAN, Glen Heinzl, Thomas Edwards, Judy Smith, Catherine Ferry, Candice Warner, James Greer, Sharon Zunker and Matthew Frank, Respondents.

No. 05–C–579–C.

United States District Court, W.D. Wisconsin.

Jan. 19, 2006.

Robert E. Adsit, pro se.

Corey F. Finkelmeyer, Assistant Attorney General, Madison, WI, for defendants.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil rights action brought under 42 U.S.C. § 1983 by petitioner Robert E. Adsit, an inmate at the New Lisbon Correctional Center in New Lisbon, Wisconsin. In an order dated November 30, 2005, I stayed a decision on petitioner's request for leave to proceed *in forma pauperis* on his claims that respondents violated his rights under the Eighth Amend-

ment when they (1) denied his requests for medical attention when he was in pain; (2) prescribed him medication that caused him further pain; and (3) endorsed a practice of the Department of Corrections to deny inmates medical care because of the cost of such care. In the November 30 order I pointed out that there were multiple contradictions between the facts alleged in petitioner's complaint and the information contained in the attachments to the complaint and I instructed petitioner to supplement his complaint with a statement answering a list of questions I prepared. On December 7, 2005, the court received petitioner's statement answering the questions I asked in the November 30 order, but his statement was unsigned and undated and some of his answers were confusing or incomplete. On December 30, 2005, I issued another order instructing petitioner to submit a notarized statement clarifying certain of his answers. On January 5, 2006, petitioner submitted a notarized statement providing the clarifications I requested on December 30.

I will set out the allegations in petitioner's December 7 and January 5 supplements and then discuss their impact on petitioner's Eighth Amendment claim. At the end of this order, I will address petitioner's motion for appointment of counsel.

## PETITIONER'S SUPPLEMENTAL ALLEGATIONS

In 2004, while petitioner was incarcerated at the Oshkosh Correctional Institution, he complained to respondent Kaplan that he was experiencing pain in his penis. Respondent Kaplan pushed petitioner off and did not examine him, did not prescribe him pain medication, and did not discuss his pain with him. Petitioner asked respondent Kaplan whether he could have a circumcision but respondent Kaplan told him that the Department of Corrections would not pay for a circumcision. Petitioner does not know whether respondent Kaplan

ever wrote anything down regarding petitioner's penile pain. Petitioner did not file any inmate complaints regarding respondent Kaplan's alleged refusal to provide him with medical care.

Some time during the thirteen months that petitioner was incarcerated at the Oshkosh facility he wrote a letter to respondent Smith and told her about the pain he was experiencing and told her respondent Kaplan "would not give me nothing for it or even check what was wrong." Respondent Smith did not respond to petitioner's letter.

In January 2005 petitioner submitted a "medical request" to respondent Heinzl complaining about his penile pain. Petitioner had an appointment with respondent Heinzl on February 28, 2005. At that time petitioner did not know he had cancer. Respondent Heinzl made an appointment for petitioner to see a urologist at the University of Wisconsin hospital. Petitioner suffered, in pain, until June 2005, when his appointment with the urologist took place. Respondent Heinzl did not prescribe petitioner medication for his pain while he waited for his appointment with the urologist. Respondent Heinzl deliberately delayed sending petitioner to the urologist. If respondent Heinzl had sent petitioner to the urologist sooner than June 2005 the cancer could have been caught earlier.

Some time after petitioner had surgery in July 2005, respondent Heinzl prescribed him certain medication. Respondent Heinzl knew that petitioner was already taking some medication and suffered certain side effects from those medications. Respondent Heinzl prescribed him the additional medication knowing it would worsen the side effects petitioner was already experiencing and would make petitioner sick. Respondent Heinzl should have explained to petitioner the side effects of the

new medication he prescribed him. The new medication caused petitioner to not see well and caused bleeding, swelling and pain in his organs.

Respondent Warner knew about petitioner's condition and knew what medications he was taking. She also knew what new medication respondent Heinzl was prescribing for petitioner, because respondent Heinzl had to obtain her approval to prescribe petitioner the medication. Respondent Warner did not arrange an appointment for petitioner with a doctor at the University of Wisconsin hospital.

## DISCUSSION

### A. *Eighth Amendment Standard*

■ Deliberate indifference to prisoners' serious medical needs constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a deliberate indifference claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106, 97 S.Ct. 285. In other words, petitioner must allege facts from which it can be inferred that he had a serious medical need (objective component) and that prison officials were deliberately indifferent to this need (subjective component). *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir.1997).

■ "Serious medical needs" encompass (1) conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated; (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering; and (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez,* 111 F.3d at 1371–73. Petitioner alleges that he experienced severe pain in his penis, stomach, liver and kidneys and that he was eventually diagnosed with penile cancer.

There is no question that petitioner suffered from a serious medical condition.

■ To establish deliberate indifference, a petitioner must allege facts from which an inference may be drawn that a respondent was "subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed" to his health. *Wynn v. Southward,* 251 F.3d 588 (7th Cir.2001). Negligent or inadvertent failure to provide adequate medical care does not amount to deliberate indifference because such a failure is not an "unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 105–06, 97 S.Ct. 285. Moreover, a prison official need not have intended or hoped for the harm that the inmate suffered in order to be held liable under the Eighth Amendment. *Haley v. Gross,* 86 F.3d 630, 641 (7th Cir.1996).

### 1. *Respondent Kaplan*

■ Petitioner contends that respondent Kaplan refused to provide him medical care for his penile pain during the thirteen months petitioner was incarcerated at the Oshkosh facility. According to petitioner, he told respondent Kaplan that he was experiencing pain, but respondent Kaplan refused to examine him or to discuss the matter with him. Petitioner's allegations are sufficient to state an Eighth Amendment claim against respondent Kaplan. However, petitioner must be denied leave to proceed on this claim because, as petitioner stated in his January 5 supplemental submission to this court, he did not file an offender complaint regarding respondent Kaplan's alleged failure to provide him with medical care. The law requires prisoners to file complaints through the inmate complaint process before they bring suit against prison officials in federal court.

■ Ordinarily, this court would not dismiss a petitioner's claim on its own motion for lack of administrative exhaustion but instead would wait for respondents to raise failure to exhaust as an affirmative defense. *Massey v. Helman*, 196 F.3d 727 (7th Cir.1999) (administrative exhaustion not jurisdictional threshold); *see also Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir.1999). However, the Court of Appeals for the Seventh Circuit has held that courts have discretion to raise affirmative defenses on their own. *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir.2002). In *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir.2002), the court held that a court may dismiss a claim if it is plain from the face of the complaint that the plaintiff failed to exhaust his administrative remedies. Accordingly, petitioner will be denied leave to proceed on his claim against respondent Kaplan.

## 2. *Respondent Edwards*

■ In his complaint petitioner contended that respondent Edwards "knew I was in 'severe' pains by my requesting to be seened by CO/def. Roman Kaplan and by my request of records and yet he also refused." I asked petitioner to clarify whether he was asserting that respondent Edwards knew about his pain but failed to act on it. If petitioner confirmed that this was his assertion, he was to explain how respondent Edwards had learned about his complaints of pain.

In his supplemental submission of January 5, petitioner states that he does not know whether respondent Kaplan ever told respondent Edwards about petitioner's penile pain. Also, petitioner states that he does not know whether respondent Kaplan ever wrote anything down regarding the penile pain that respondent Edwards might have read. In the January 5 supplement, petitioner argues that during the thirteen months that he was incarcerated at the Oshkosh facility, respondent Edwards should have reviewed petitioner's medical chart to check for information regarding petitioner's penile pain.

Petitioner has failed to state an Eighth Amendment claim against respondent Edwards because he has not alleged any facts suggesting that respondent Edwards knew about his pain. If respondent Edwards did not know about his pain, he cannot be liable for not taking any action on petitioner's behalf. Petitioner's opinion that respondent Edwards should have taken the initiative to review petitioner's medical chart to check for information regarding petitioner's penile pain has no bearing on whether respondent Edwards violated petitioner's Eighth Amendment rights. The Eighth Amendment does not require prison medical staff to proactively search inmates' records for potential medical problems. What the Eighth Amendment requires is that when a prison official becomes aware of an inmates' serious medical need, the prison official respond to the medical need in an adequate manner, rather than show deliberate indifference towards the medical need. Petitioner will be denied leave to proceed against respondent Edwards because petitioner has not alleged facts suggesting that respondent Edwards was aware of petitioner's serious medical need.

## 3. *Respondent Smith*

Petitioner contends that while he was incarcerated at the Oshkosh facility he wrote a letter to respondent Smith and told her about the pain he was experiencing and told her respondent Kaplan "would not give me nothing for it or even check what was wrong." According to petitioner, respondent Smith did not respond to petitioner's letter. Petitioner has alleged sufficient facts to state an Eighth Amendment claim against respondent Smith.

The Court of Appeals for the Seventh Circuit has held that to recover damages under § 1983, a petitioner must establish each respondent's personal responsibility for the claimed deprivation of a constitutional right. A respondent's direct participation in the deprivation is not required. Instead, an official satisfies the personal responsibility requirement "if she acts or fails to act with a deliberate or reckless disregard of petitioner's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge or consent." *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir.1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982).

Petitioner's allegation that he told respondent Smith about the pain he was experiencing is sufficient to meet his burden of stating a claim against respondent Smith and I will grant him leave to proceed on this claim. However, to prevail on this claim petitioner will have to prove that in his letter he described his condition in sufficient detail to put respondent Smith on notice that he had a serious medical condition. Also, petitioner will have to prove that in his letter he made it clear to respondent Smith that prison medical staff knew about his medical problem but completely disregarded it.

4. *Respondents Frank, Greer, Zunker and Farrey*

In his complaint, petitioner alleged that respondents Frank, Greer, Zunker and Farrey endorsed a Department of Corrections policy that was "discriminatory" because it would not pay for inmates' medical treatment. In support of his contention, petitioner stated that respondent Kaplan "refused me to be allowed for this pain condition and as of result I received permanent damages. He had stated that D.O.C. would 'not' pay for 'any' thing!"

I asked petitioner to clarify his allegation; if petitioner was asserting that the Department of Corrections has a policy that forbids prison officials from providing inmates with any treatment because of cost, petitioner needed to explain why he thought that. In his January 5 supplement, petitioner stated that he asked respondent Kaplan if he could have a circumcision and respondent Kaplan told him that the Department of Corrections would not pay for a circumcision to treat his penile pain.

I understand petitioner to be contending that the Department of Corrections policy that denies circumcisions to inmates violates his Eighth Amendment rights. Petitioner's argument is legally meritless. Persons who are incarcerated do not have a constitutional right to whatever medical procedures they desire. Petitioner seemingly believed that a circumcision was the solution for his penile pain, but that does not automatically entitle him to a circumcision. What the Eighth Amendment bestows upon petitioner is the right to receive medical attention for his serious medical needs; not the right to particular medical procedures. *See, e.g., Benson v. Cady*, 761 F.2d 335, 339 (7th Cir.1985) (state has affirmative obligation under Eighth Amendment to provide persons in custody with medical care that meets minimal standards of adequacy). If the Department of Corrections has a policy that denies inmates the right to have a free circumcision, such a policy, on its face, does not violate petitioner's Eighth Amendment rights. Accordingly, petitioner will be denied leave to proceed on his claim against respondents Frank, Greer, Zunker and Farrey.

5. *Respondent Heinzl*

In his complaint petitioner alleged that respondent Heinzl " 'knew' I was in

pains and yet this def. totally ignored by pains. I begged this def. to please let me go to an outside hospital. He said no and as of a result pt. received permanent injuries." In his supplemental submissions, petitioner provided more detailed facts about his interactions with respondent Heinzl.

Petitioner contends that some time in January 2005 he complained to respondent Heinzl about his penile pain "by medical request." I understand this to mean that petitioner requested an appointment with respondent Heinzl because he was experiencing penile pain. Petitioner had his appointment with respondent Heinzl on February 28, 2005. When petitioner saw respondent Heinzl, Heinzl made an appointment for petitioner with a urologist, but the appointment did not take place for another four months. During the four months that petitioner waited for his appointment with the urologist, respondent Heinzl did not prescribe petitioner any medication for his pain.

Petitioner's complaints that respondent Heinzl made petitioner wait until February 28, 2005, for his first appointment with respondent Heinzl and then made petitioner wait four months to see a urologist do not raise an Eighth Amendment violation. It was respondent Heinzl's medical judgment that in both instances, it was acceptable for petitioner to wait that length of time for his appointments. Even if these were bad medical decisions, negligent or inadvertent failure to provide adequate medical care does not amount to deliberate indifference because such a failure is not an "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105–06, 97 S.Ct. 285. Negligence claims are the province of state law and can be pursued in state court if petitioner desires.

However, petitioner's allegation that respondent Heinzl knew petitioner was in pain while he waited four months to see a urologist, but failed to prescribe him any pain medication is sufficient to state a claim that respondent Heinzl was deliberately indifferent to petitioner's serious medical condition. I will grant petitioner leave to proceed on his claim that petitioner Heinzl violated his Eighth Amendment rights when he failed to provide him with pain medication.

Petitioner's next allegation against respondent Heinzl is that respondent Heinzl prescribed him a medication that made him sick. Petitioner's complaint was not clear and I asked petitioner to clarify whether his contention was that respondent Heinzl prescribed him certain medication knowing it would make him sick, or that respondent Heinzl should have known the medication would make him sick. In his supplemental submission of January 5, petitioner contends that respondent Heinzl prescribed him medication that he knew would make petitioner sick. I understand petitioner to be alleging that respondent Heinzl prescribed him medication with the intent of making petitioner sick. I will grant petitioner leave to proceed on this claim.

To prevail on this claim, petitioner will have to do more than show that respondent Heinzl knew the medication would produce negative side effects. It is commonplace for a doctor to prescribe a patient medication that has negative side effects if the patient needs that medication to treat an illness. Such doctors are not necessarily acting maliciously; they weigh the pros and cons of prescribing certain medication and decide whether the patient should take the medication, even though it will have negative side effects. The threshold question will be whether respondent Heinzl prescribed the medication because he believed petitioner needed that medication, despite its side effects, or be-

cause he wanted to make petitioner suffer the side effects of the medication.

As I pointed out to plaintiff in the November 30, 2005 order, an Eighth Amendment claim is distinct from a medical malpractice claim. If it is petitioner's belief that respondent Heinzl reached the wrong conclusion about whether that was an appropriate medication to give petitioner, then what petitioner has is a medical malpractice claim, which is appropriately resolved in state court.

### 6. *Respondent Warner*

█ Petitioner wrote in his complaint that respondent Warner " 'knew' that def. Heinzl prescribed pt. the wrong medications, without instructing the pt. of side effects and yet she did nothing. She Warner, even failed to arrange an appointment to UW Madison. She def. Warner and Heinzl knew *without justification* when they prescribed meds that caused me pains at my liver, stomach, kidney." I asked petitioner to explain whether he was asserting that respondent Warner *knew* the medication respondent Heinzl was prescribing would make petitioner sick, or that respondent Warner *should have known* the medication respondent Heinzl was prescribing would make petitioner sick.

In his supplemental submissions, petitioner asserts that respondent Warner knew about petitioner's medical condition and knew what medications he was taking. She also knew what new medication respondent Heinzl was prescribing for petitioner, because respondent Heinzl had to obtain her approval to prescribe it. These facts are not sufficient to make out an Eighth Amendment claim against respondent Warner. Petitioner's allegation is essentially that because respondent Warner was familiar with petitioner's medical history, she should have realized that the medication respondent Heinzl was going

to prescribe him would make him sick. To state an Eighth Amendment claim against respondent Warner, petitioner would have needed to introduce facts suggesting that respondent Warner actually knew that the new medication was going to make him sick but allowed him to take the medication anyway. That is not what petitioner alleged. If petitioner believes respondent Warner was negligent when she approved new medication that she should have known would make him sick, petitioner may pursue this claim in state court.

█ Petitioner also contends that respondent Warner failed to arrange an appointment for him at the University of Wisconsin hospital. Petitioner did not specify when or why he believed he needed the appointment respondent Warner failed to arrange. Regardless, petitioner has no constitutional right to an appointment with a doctor outside the prison and just because respondent Warner failed to send him to such a doctor it does not follow automatically that she was deliberately indifferent to petitioner's medical needs. Petitioner will be denied leave to proceed against respondent Warner.

### B. *Appointment of Counsel*

Plaintiff renewed his motion for appointment of counsel in his January 5, 2006 submission to this court. I will deny the motion at this time because it is too early to make a determination whether appointment of counsel is warranted. After respondents file their answers or motions in response to petitioner's complaint, it will become more clear which, if any, of petitioner's claims must be dismissed and which remain for resolution. Once the issues have been narrowed, petitioner will be free to file a new motion if he believes he is incapable of litigating his claims.

## ORDER

IT IS ORDERED that

1. Petitioner Robert E. Adsit is DENIED leave to proceed on his Eighth Amendment claims against respondents Kaplan, Edwards, Farrey, Greer, Zunker, Frank and Warner.

2. Petitioner is GRANTED leave to proceed on his Eighth Amendment claim against respondent Smith.

3. Petitioner is GRANTED leave to proceed on his claim that respondent Heinzl violated his Eighth Amendment rights when he failed to prescribe petitioner pain medication while petitioner waited four months for an appointment with a specialist and when he prescribed petitioner post-surgical medication with the intent of making petitioner sick.

4. Petitioner's motion for appointment of counsel is DENIED without prejudice.

5. The unpaid balance of petitioner's filing fee is $236.22; petitioner is obligated to pay this amount in monthly payments according to 28 U.S.C. § 1915(b)(2);

6. For the remainder of this lawsuit, petitioner must send respondents Smith and Heinzl a copy of every paper or document that he files with the court. Once petitioner has learned what lawyer will be representing respondents, he should serve the lawyer directly rather than respondents. The court will disregard any documents submitted by petitioner unless petitioner shows on the court's copy that he has sent a copy to respondents or to respondents' attorney.

7. Petitioner Robert E. Adsit should keep a copy of all documents for his own files. If petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. Pursuant to an informal service agreement between the Attorney General and this court, copies of petitioner's complaint and this order are being sent today to the Attorney General for service on the state respondents.