NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2007[*]
Decided September 27, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 07-1521

| | |
|---|---|
| JOSE A. PEREZ,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>UNITED STUDENT AID FUNDS,<br>INC., and PIONEER CREDIT<br>RECOVERY, INC.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. 1:05-cv-488-DFH-WTL<br><br>David F. Hamilton,<br>*Judge.* |

**O R D E R**

Jose Perez sued United Student Aid Funds ("USA Funds") and Pioneer Credit Recovery in federal district court, claiming that the defendants had violated the Fair Debt Collection Practices Act ("FDCPA") by collecting on student loans without first validating the debt. USA Funds counterclaimed for breach of the loan

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

contracts. The district court granted summary judgment for USA Funds on its counterclaim and, after USA Funds moved for judgment on the pleadings on the FDCPA claim, directed Perez to submit a report by December 22, 2006, identifying any potentially meritorious claim that survived. Perez failed to submit the required report, instead filing a response stating that the district court's resolution of the counterclaim in favor of USA Funds had "effectively extinguished" all of his claims. The district court interpreted Perez's response as an abandonment of his claims and therefore dismissed his complaint with prejudice and entered final judgment on January 22, 2007.

Seven days later Perez moved to set aside the judgment. The district court denied that motion on January 31, 2007. Two weeks later Perez tried again with a nearly identical motion, which we construe as a motion under Federal Rule of Civil Procedure 60(b) because of its timing. *See Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (holding that any request to alter or amend judgment filed more than ten days after entry of judgment is a motion under Rule 60(b)). The district court denied that motion on February 16, 2007. Perez did not file his notice of appeal until March 7, 2007, and thus our review is limited to the February 16 order denying his Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(1)(A) (providing that notice of appeal in civil action must be filed with district clerk within 30 days of entry of judgment).

Perez argued in his Rule 60(b) motion that the district court erred by refusing to strike an affidavit submitted at summary judgment by an employee of USA Funds, and by denying him leave to file a second amended complaint. But Rule 60(b) is an "extraordinary remedy that is to be granted only in the most exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). Motions under the rule cannot include arguments that could have been made on direct appeal or in a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e). *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal."). Rather, the rule is a vehicle to "allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier," such as newly discovered evidence. *Gleash*, 308 F.3d at 761; *see Eastman Kodak Co.*, 214 F.3d at 801. Because of its narrow purpose, a Rule 60(b) motion cannot be premised on mere legal error, *Gleash*, 308 F.3d at 761, and because that is the basis of Perez's motion, the district court was correct to deny it.

AFFIRMED.