**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 29, 2009[*]
Decided July 29, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-4086

| | |
|---|---|
| VICTOR D. ACEVEDO, et al.,<br>    *Plaintiffs,*<br><br>    *v.*<br><br>HEINEMANN'S BAKERIES, INC.,<br>    *Defendant-Appellee.*<br><br>Appeal of:<br>WILLIAM A. RIMKUS | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 C 3252<br><br>George W. Lindberg,<br>*Judge.* |

**O R D E R**

William Rimkus appeals the denial of his Rule 60(b) motion to reconsider the district court's decision refusing his request to void a settlement agreement with his former employer Heinemann's Bakeries, Inc. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Rimkus and other former employees of Heinemann's sued the company for violations of state and federal law arising from the abrupt closure of the production facility where they worked. In July 2007 Rimkus, along with 101 other plaintiffs, agreed to settle with Heinemann's, but he regretted his decision once he learned that other former employees held out for a better deal. So in September Rimkus and a handful of other former plaintiffs moved the district court to void the settlement agreement. They asserted that they were deceived by two representations made by their counsel and Heinemann's: (1) that the company would settle the lawsuit only if all of the plaintiffs agreed and (2) that the company was in such dire financial condition that it could not afford to pay a large sum. After a hearing, the court denied the motion on the ground that it was factually unsupported. The court explained that the agreement did not make the settlement contingent on participation by all plaintiffs, that the plaintiffs' lawyers fully explained all the terms, and that the bakery was, in fact, out of business and had only limited funds to pay the plaintiffs.

The remaining plaintiffs and Heinemann's filed cross-motions for summary judgment, which the district court denied. The parties eventually settled, and in August 2008, the district court entered final judgment.

Rimkus did not appeal the district court's denial of his motion to void the settlement agreement. Instead, in October 2008, he filed a motion under Federal Rule of Civil Procedure 60(b) asking the court to reconsider. He asserted that in refusing to void the settlement agreement, the court relied on erroneous factual findings and that its conclusion was incorrect in light of new evidence that Heinemann's had forged a document purporting to notify employees about the closing of the plant. The court denied the motion later that October, and the following month Rimkus filed a notice of appeal. However, because he failed to file the notice within 30 days of the underlying judgment, we limited the appeal to a review of the district court's order denying reconsideration.

On appeal, as in the district court, Rimkus styles his argument as an attack on the denial of his Rule 60(b) motion. The substance of his argument, however, focuses on errors he says the district court made in denying the underlying motion to void the settlement agreement. Specifically, Rimkus contends that the court misunderstood the company's financial condition, overlooked changes that the bakery made to the terms of the settlement agreement after it was signed, wrongly concluded that the agreement did not require the assent of all of the plaintiffs, and improperly prevented the plaintiffs from testifying at the hearing. Rimkus, though, should have raised all of these arguments in a timely direct appeal from the final judgment. Rule 60(b) is not a substitute for direct appeal, and thus

Rimkus's attempt to use it in this manner was appropriately rejected. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Rimkus does raise a pair of arguments that may be considered under Rule 60(b). He invokes the "newly discovered evidence" doctrine of Rule 60(b)(2), contending that during discovery—but after he settled—Heinemann's forged a document concerning the plant's closing. This argument fails on multiple fronts. First, the purportedly fabricated document is not new. For purposes of Rule 60(b), evidence is "new" only if it is discovered after the litigation is over and judgment has been entered. *See Gleash*, 308 F.3d at 761; *Bell*, 214 F.3d at 801; *see also Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008). But Rimkus admits in his brief that he knew the document was a forgery by January 2008—seven months before the district court entered judgment—and so he was required to bring it to the court's attention as a reason to void the settlement agreement before the litigation was over.

Nor has Rimkus shown that this evidence is material to his contention that the settlement agreement is void. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999). The purportedly "fraudulent" memorandum has nothing to do with the validity of the settlement agreement that Rimkus signed. Although Rimkus contends that he would not have accepted the settlement offer had he known earlier that Heinemann's litigation position was so weak that it would resort to forging a document, he made a strategic choice to settle his claims before the close of discovery, thereby subjecting himself to the risk that additional favorable information might come to light as the litigation progressed. *See McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). He must now be held to the bargain he agreed to.

Rimkus next contends that the purportedly fraudulent memorandum also provides a basis for the court to set aside the judgment under Rule 60(b)(3), the fraud subsection. But because Rimkus discovered the purported fabrication in time for the courts to rectify it before the entry of final judgment or on direct appeal, it provides no basis for relief. *See Gleash*, 308 F.3d at 761; *Bell*, 214 F.3d at 801. And even if Heinemann's did fabricate the document, this would be irrelevant for purposes of Rule 60(b)(3) because it did not prevent Rimkus from fully and fairly presenting his underlying motion to void the settlement agreement to the district court. *See Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995).

The district court did not abuse its discretion in denying Rimkus's Rule 60(b) motion, thus we AFFIRM.