NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014[*]
Decided June 30, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3909

| | |
|---|---|
| MIRIAM E. BRIGGS-MUHAMMAD, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 13-cv-831-wmc |
| SSM HEALTHCARE CORPORATION, d/b/a ST. MARY'S HOSPITAL, *Defendant-Appellee.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Miriam Briggs-Muhammad's daughter, Carmen, attempted suicide in January 2004, after which she was taken into police custody and brought to St. Mary's Hospital in Madison, Wisconsin. Carmen voluntarily checked herself out and promptly hanged herself to death at a local motel. Nine years later, in 2013, Briggs-Muhammad sued SSM

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Healthcare Corporation (which operates St. Mary's), alleging that the hospital was negligent in failing to commit Carmen for mental-health treatment involuntarily.

The district court screened the suit, 28 U.S.C. § 1915(c)(2)(B), and dismissed it as untimely under the three-year statute of limitations applicable to Wisconsin medical malpractice suits. *See* WIS. STAT. § 893.55(1m)(a); *Estate of Genrich v. OHIC Ins. Co.*, 769 N.W.2d 481, 492 (Wis. 2009). The court also pointed out that her case was barred by a 2006 wrongful death suit—since dismissed—that she had filed in Wisconsin state court against SSM Healthcare Corporation.

On appeal Briggs-Muhammad generally challenges the dismissal of her complaint, but we see no error in the district court's decision. A district court must dismiss a suit at screening if it is frivolous, *see* 28 U.S.C. § 1915(e)(2), and in doing so may rely on an affirmative defense that is apparent and unmistakable from the complaint's face. *See Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002); *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Because Briggs-Muhammad's injury occurred in 2004 and she waited to file suit until 2013, the district court properly dismissed the suit as untimely. *See* WIS. STAT. § 893.55(1m)(a); *Walker*, 288 F.3d at 1010; *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096–97 (10th Cir. 2009). And the district court correctly noted her case was also precluded by her earlier state-court suit. *See Gleash*, 308 F.3d at 760 (district court may dismiss case as barred by res judicata if it is obvious from complaint and documents in court's possession that suit is frivolous); *Wis. Pub. Serv. Corp. v. Arby Constr., Inc.*, 818 N.W.2d 863, 870 (Wis. 2012) (Wisconsin claim preclusion applies if there is a final judgment on the merits and an identity of the parties and causes of action). Since Briggs-Muhammad's state suit barred her federal litigation, the district court properly dismissed her suit on that ground.

In calling this lawsuit "frivolous," neither we nor the district court mean to imply that the underlying question about the treatment of the plaintiff's daughter was not serious. The term "frivolous" in this context means that claims or defenses that are "so clearly blocked by statute, regulation, binding or unquestioned precedent, or some other authoritative source of law that they can be rejected summarily." *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). That description fits this case.

One final note: in dismissing Briggs-Muhammad's suit, the district court noted that this was the third *pro se* complaint from this plaintiff within the past year and that plaintiff had engaged in "abusive litigation" in this case by intentionally recycling a stale complaint that a state court had already rejected. The district court warned plaintiff that further such filings would result in additional sanctions, including monetary penalties. We agree that

further pursuit of frivolous claims by plaintiff may subject her to monetary fines and possibly to a preclusion order pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), that would forbid her from filing of any further legal papers in any court within this circuit.

**AFFIRMED**.